IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 18-01866 (ESL) |
| ANGEL RUBEN MOJICA NIEVES<br>KAREN MELISSA NAVARRO PASTOR | CHAPTER 13 |
| Debtors | |

OPINION AND ORDER

This case is before the court upon the *Motion for Reconsideration of Order Denying AEELA'S Objection to Debtor's Treatment of AEELA'S Debt* (Docket No. 45) filed by the Asociación de Empleados del Estado Libre Asociado ("AEELA"), the *Response to AEELA's Motion for Reconsideration* filed by the Debtors (Docket No. 54), the *Reply to Debtors' Response to AEELA's Request of Reconsideration* filed by AEELA (Docket No. 57) and the Debtors' *Motion to Inform, Response the Court Order, and Leave to Supplement this Pleading* (Docket No. 66).

Relevant Procedural History

The Debtors, Angel Ruben Mojica Nieves and Karen Melissa Navarro Pastor ("Debtors") filed a Chapter 13 petition on April 6, 2018 (Docket No. 1). The Debtors filed a Chapter 13 plan on the same date which, in Part 3.1, states that they will maintain the current contractual installment payments on AEELA's secured claim for $88.00. (Docket No. 2). On May 9, 2018, the Debtors filed an Amended Chapter 13 Plan which provides the same treatment to AEELA's claim (Docket No. 11).

On June 21, 2018, AEELA filed its first *Objection to Plan Confirmation* alleging, essentially, that (1) Debtor Karen Melissa Navarro Pastor is indebted to AEELA in the amount of $6,349.22;

(2) AEELA is a secured creditor with a statutory lien over the savings and dividends that the Debtor has deposited in the institution; (3) and the plan filed on May 9, 2018, at Docket No. 11 fails to surrender AEELA's collateral pursuant to §1325(a)(5)(C) (Docket No. 17). The Debtors filed its *Response to Objection to Confirmation* (Docket No. 23) stating that "AEELA's objection attempts to mandate upon the Debtor what treatment the Debtor must propose on certain secured claims". The Debtors further argue that AEELA has failed to specifically state what provision of the Debtor's plan fails to comply with applicable bankruptcy law.

AEELA filed a second *Objection to Plan Confirmation* on July 6, 2018 (Docket No. 26). AEELA realleges that the Debtors' Amended Plan does not provide for the surrender of the collateral. AEELA further argues that the statutory lien it possesses cannot "be compared to a car debt or a mortgage debt, which have in guarantee of payment a material tangible object, which secured status depends in the present value of the object". The Creditor states that AEELA's "secured status depends in the lien established by non-bankruptcy law as a public measure to maintain its solvency for the fulfillment of the public purpose of its creation".

On October 1, 2018, the Debtors filed an Amended Plan (Docket No. 36). The plan, in Part 3.1, continues to treat AEELA as a secured claim which will be paid directly by the Debtors. Additionally, in Part 8.1, the plan states that "[s]ecured Creditors with Allowed Secured Claims will retain their liens in accordance with Section 1325(a)(5)(B)(i)(I)". On October 2, 2018, AEELA filed a third Objection to the Amended Plan, reinstating its previous objections and further alleging that granting Debtors' treatment to AEELA's debt will be recognizing that the Debtors have a present right to AEELA's funds which are encumbered by the statutory lien as collateral of payment, and which will make them also property of the estate. (Docket No. 39).

During the confirmation hearing held on October 3, 2018, and after listening to the parties' arguments, the court held that AEELA's claim was not adversely affected by the chapter 13 plan and denied AEELA's objection (Docket No. 41). On October 16, 2018, AEELA filed its *Motion for Reconsideration* (Docket No. 45). AEELA allege that it had not received payments to the debt since the filing of the petition, that withholding to the debtor's pay-check were discontinued

and that the amounts held to the Debtor post-petition had been reimbursed to the Debtor. AEELA further argued that it has a right to setoff the debt with the Debtor's savings and dividends and that such right is being avoided by the Debtors with the proposed treatment in the plan. AEELA states that it presents a "genuine reason and compelling fact of law which support the reconsideration of the decision". Citing Citizens Bank of Maryland v. Strumpt, 516 U.S. 16 at 20, AEELA states that "[a] right of setoff that exists pre-petition is preserved in bankruptcy pursuant to 11 U.S.C. Section 553."

The Debtors filed a *Response to AEELA's Motion for Reconsideration* on December 3, 2018. (Docket No. 54). The Debtors allege that the Motion for Reconsideration fails the Rule 59 requirements, as it rehashes the same arguments presented to the court in the Objections to Plan and already addressed. Furthermore, the Debtors state that AEELA alleged, for the first time in Reconsideration, that they were entitled to a setoff. The Debtors argue that the reconsideration should be denied as it "cannot serve as a legal tool to introduce, for the first time, arguments which could or should have been raised in first instance." Although the Debtors deny AEELA's right to setoff, they further state that, assuming it did had a right to setoff, it should have been raised to the court through a Motion for Relief of Stay rather than an Objection to Confirmation.

On December 13, 2018, AEELA filed its *Reply to Debtors' Response to AEELA's Request of Reconsideration* (Docket No. 57). AEELA states that the treatment to AEELA's claim in the plan "is conceived by the wrong premise that they can enforce AEELA's statutory lien as they wish in a different manner as the one established by law, and bankruptcy case law, and that they can retain the savings and dividends deposited in AEELA, and determine when and how they will be applied and/or setoff AEELA's debt". As stated by AEELA, it has a right to the immediate application of the funds deposited in AEELA for the payment of the debt, pursuant to the statutory lien, and that such right has been sustained by the bankruptcy case law up to the present and said right is not an equivalent to the Debtors' proposed treatment, that is, to continue making monthly payments from the future earnings of the Debtor. The creditor states that denying its Objection to Confirmation will be in contravention of the court's own precedent in In Re Rafael Ortiz Vega, 75 B.R. 858 (1987), when, in its pertinent part, the court stated:

> "The Act also provides that an employee's savings are exempt from taxes, attachment or execution "except that, when the employee is indebted to the Association for a loan, as surety, or on any other obligation, such amount shall be applied to the partial or full payment of such debt." 3 L.P.R.A. § 863c. See also 3 L.P.R.A. § 863d.
>
> The analysis of the aforementioned provisions of the Act indicates that the Association has a statutory lien over the employee's savings at the time of the filing of the petition. The Act provides specifically that said savings will be applied in partial or full payment of an outstanding loan. However, any deductions after the filing of the petition can only be construed as an assignment of future wages. Such an assignment does not give rise to a lien within the meaning of the Bankruptcy Code. In re Miranda Soto, 667 F.2d 235, 237 (1st Cir. 1981)."

AEELA claims that, following In Re Miranda Soto, *supra*, this court determined that deductions from future wages (post-petition deductions) are not allowed and that such treatment in the plan is, therefore, unavailable to the Debtors. The Creditor states that, in the present case and pursuant to the previous case law, AEELA had notified the Department of Education to stop the deductions, and that the Debtor was reimbursed the amounts retained post-petition. Additionally, AEELA states that it has the right to setoff as recognized by the court, and that said debt needs not to be matured, considering that, for purposes of §553(a) the bankruptcy operates as the acceleration of the principal amount of all claims against the debtor, citing In Re Kroh Bros. Development, 101 B.R. 114 (1989).

On February 27, 2018, the court held a hearing on confirmation. The parties argued their positions and the court ordered the Debtors to clarify, in writing, the treatment of AEELA's claim in light of the arguments of the parties during the hearing (Docket No. 60). On April 2, 2019, the Debtors filed their *Motion to Inform, Response the Court Order and Leave to Supplement this Pleading* (Docket No. 66). The Debtors affirms that the treatment to AEELA's claim, as proposed in the plan, does not question or alters AEELA's lien. The Debtors states that "AEELA's Proof of Claim #1 will be satisfied via continuing payments based upon the same terms and conditions as existed pre-petition. Accordingly, the Debtor's Confirmed Plan will no change, alter, modify, or in any other way alter AEELA's lien rights". The Debtors further argue that the proposed treatment complies with Section 1325(a)(5)(B) as the proposed plan provides for (i) the lien retention, (ii) for AEELA to receive present value of its claim; and (iii) that periodic payments will be made to the creditor. The Debtors further argue that a motion for reconsideration should

not be used to re-litigate and/or raise for the first-time arguments or allegations which should or could have been raised in the original hearing. The Debtor contends that AEELA's new argument, that is, the impact of the treatment in the statutory lien rather than the claim, should have been presented initially, and was, therefore, waived by AEELA. However, the Debtors clarify that they have no intent to alter the statutory lien, although as any other creditor AEELA is constricted by the automatic stay pursuant to Section 362.

<u>Legal Analysis and Discussion</u>

a. *Motion for Reconsideration*

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*." In re Lozada Rivera, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), *citing* Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001). Also see Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-1076 (5th Cir. 1994). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60g(b). *See* Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within fourteen days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." In re Lozada Rivera, 470 B.R. at 113, *quoting* Van Skiver, 952 F.2d at 1243. Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b)

based upon its filing date.") "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. at 113.

Fed. R. Civ. P. 59(e) itself does not state the grounds on which relief under the rule may be granted. Therefore, trial courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Fed. R. Civ. P. 59(e). See ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) ("[Trial] courts enjoy considerable discretion in deciding [Fed. R. Civ. P.] 59(e) motions, subject to circumstances developed in the case law."); Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004), citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993); Robinson v. Watts Detective Agency, 685 F.2d 729, 743 (1st Cir. 1982).

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013), Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). "In practice, because of the narrow purposes for which they are intended, [Fed. R. Civ. P. 59(e)] motions typically are denied." Wright & Miller 11 Federal Practice and Procedure § 2810.1 (2nd ed. 2012) at p. 171. "[M]otions for reconsideration should not give parties a 'second bite at the apple' or 'another roll of the dice'". Conway v. A.I. duPont Hosp. for Children, 2009 U.S. Dist. LEXIS 45198 at *13, 2009 WL 1492178 at *4 (E.D. Pa. 2009). Also see BBVA v. Santiago-Vazquez (In re Santiago-Vazquez), 471 B.R. 752, 761 (B.A.P. 1st Cir. 2012) ("in denying reconsideration, the bankruptcy court correctly applied the First Circuit precedent against a second bite at the apple: litigants may not use Fed. R. Civ. P. 59(e) to advance arguments they could have made earlier").

Generally, in order for a motion for reconsideration to proceed under Fed. R. Civ. P. 59(e), the movant must clearly establish a manifest error of law or fact or present newly discovered evidence that could not have been diligently found during the case. See Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), *citing* In re Rodriguez, 233 B.R. at 219, BBVA v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). "To meet the threshold requirements of a successful [Fed.

R. Civ. P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." In re Schwartz, 409 B.R. at 250 (citations omitted).

Rule 59(e) motions are "aimed at *re*consideration, not initial consideration". Federal Deposit Ins. Corp. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992). "A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006) (citations omitted). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See Standard Química de Venezuela v. Central Hispano International, Inc., 189 F.R.D. 202, 205 fn.4 (D.P.R. 1999). "A party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that 'could, and should, have been made before judgment issued." See Soto-Padró v. Public Buildings Authority, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted). Conversely, the court should renew and reconsider whether it "patently misunderstood a party … or has made an error not of reasoning but apprehension." Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008). "A manifest error of law under Rule 59(e) is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." AM Gen. LLC v. Demmer Corp., 2015 U.S. Dist. LEXIS 33333, *9-10, 2015 WL 1256370 citing Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

AEELA's *Motion for Reconsideration* is considered under Fed. R. Civ. P. 59(e), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023. The Creditor argues that the court erred when denying the Objection to Confirmation, as the plan disregards AEELA's statutory lien and its rights upon it. The court disagrees with AEELA's arguments for the reasons stated hereinafter.

*b.* *Section 553 and How it Relates to Section 362*

The Creditor's allegation throughout the various objections to confirmation is that the plan should provide the surrender of the shares as payment of proof of claim no. 1, therefore, requesting a right to offset the debt with the accumulated shares and dividends. Hence, AEELA has been claiming, throughout the objections, a right of setoff although the Debtors contend that the right of setoff is a "new argument" first brought by AEELA in reconsideration.

"In general, Section 553(a) recognizes and preserves a right of setoff where four conditions exists: (1) the creditor holds a claim against the debtor that arose before the commencement of the case; (2) the creditor owes a debt to the debtor that also arose before the commencement of the case; (3) the claim and debt are mutual; and (4) the claim and debt are valid and enforceable." 5 Collier on Bankruptcy ¶553.01 (Richard Levin & Henry J Sommer eds., 16th ed.). However, section 553 does not create a right of setoff. Wiscovitch-Rentas v. Banco Popular De P.R. (In re Rivera), 600 B.R. 132 (1st Cir. B.A.P. 2019). "Rather, the section merely recognizes and preserves setoff rights that exist under other applicable law, and then only to the extent that the conditions of section 553 are satisfied. Thus, the threshold determination in every case involving section 553 is the source of the alleged setoff right." 5 Collier on Bankruptcy at 553.01[2].

"[S]ection 553 is not self-contained. In addition to the various provisions of the Bankruptcy Code that define many aspects of its operation, a variety of other provisions converge to define the subsequent treatment of setoff rights during the course of the debtor's bankruptcy case. One of the most important is the automatic stay." *Id*. at 553.06. "The commencement of a case under the Bankruptcy Code triggers the automatic stay provisions of section 362. More specifically, section 362(a)(7) expressly enjoins "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." The wording of section 362(a)(7) mirrors the language of section 553(a)." *Id.* at 553.06[01]. "The imposition of the automatic stay does not defeat the creditor's setoff right, but merely enjoins the enforcement of the creditor's right pending the orderly examination and administration of the estate. For as

long as the automatic stay remains in effect, a creditor wishing to exercise its right of setoff must seek and obtain relief from the stay." *Id.* at 553.06[01][a].

A creditor's "right of setoff may be asserted in a bankruptcy case even though at the time the petition is filed the debt is absolutely owing but not presently due, or where a definite liability has accrued but is as yet unliquidated."" In re Whitman, 38 Bankr. 395, 397 (Bankr. D.N.D. 1984). Therefore, the proposed plan must provide in a manner which recognizes such right. The right is preserved by providing a secured status to the claim. "…[T]he claim of a creditor holding a right of setoff must be classified and treated appropriately in the debtor's plan. Unless the creditor agrees otherwise, the creditor's claim must be classified and treated as a secured claim in the debtor's plan, to the extent the creditor's setoff right entitles the creditor to a secured claim pursuant to section 506(a)." 5 Collier on Bankruptcy at 553.06[6].

However, once the debtor has filed bankruptcy, all the actions, including the right of setoff, are stayed pursuant to the provisions of § 362(a)(7) of the Bankruptcy Code, 11 U.S.C.S. § 362(a)(7). If a party seeking its right to setoff a claim against the debtor fails to exercise it before the commencement of the bankruptcy proceeding, then the party must claim its right following the procedure established by 11 U.S.C.S. § 553 and Fed. R. Bankr. P. 9014, which is to file a motion requesting a lifting of stay. *See* Stubbe v. Rua (In Re Conolonial Mortg. Bankers Corp.), 1989 Bankr. LEXIS 2783 (Bankr. D.P.R. 1989).

On the present case, the court examined the Debtors' plan and its treatment to AEELA. The court determined that the proposed treatment did not affect any of AEELA's rights and the treatment was compliant to section 1325(a)(5). Accordingly, the court denied AEELA's objection to confirmation. The court's ruling did not contravene its previous ruling in In Re Rafael Ortiz Vega*, supra, a*s argued by AEELA. The court ruled therein that AEELA's lien could not extend to future wages. However, the Debtors' intent to provide to AEELA's secured claim through periodic payments is a choice within the alternatives provided by the Bankruptcy Code.

Furthermore, if AEELA has a right to offset the debt, said allegations must comply with 11 U.S.C. §553, 11 U.S.C. §362(d) and Fed. R. Bank. P. 9014. The adequate proceeding is a motion requesting relief of the automatic stay.

Conclusion

In view of the foregoing, the *Motion for Reconsideration* (Docket No. 45) filed by AEELA is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 7th day of October, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge