IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ANGEL RUBEN MOJICA NIEVES
AND
KAREN MELISSA NAVARRO PASTOR

     Debtors

CASE NO. 18-01866 (ESL)

CHAPTER 13

OPINION AND ORDER

This case is before the court upon the motions filed by the Asociación de Empleados del Estado Libre Asociado de Puerto Rico ("AEELA") for the dismissal of the case (dkt. #107), as supplemented by its legal memorandum (dkt. #109), and for an order to allow AEELA to proceed against collateral which is not property of the estate (dkt. #121). AEELA is a private entity association which provides financial services to Puerto Rico government employees and pensioners. The legal basis for both motions is substantially the same. AEELA contends that it holds a statutory lien over savings and dividends deposited with AEELA pursuant to 11 U.S.C. §101(53) and that since the codebtor Karen M. Navarro, as a Puerto Rico government employee, may not withdraw said funds, the same do not constitute property of the estate under 11 U.S.C. §541(a). AEELA also objects to the confirmation of Debtors' chapter 13 plan for the same reason. The debtors have opposed the motions (dkt. #s 123 and 124).

The legal issues raised by AEELA in the two motions before the court were already decided in this court's opinion and order of October 7, 2019 (dkt. #70). The court incorporates its decision and declines to revisit it under claim preclusion grounds. Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc., 140 S. Ct. 1589 (May 14, 2020). Notwithstanding, the court will clarify certain allegations made by AEELA as, in the court's opinion, the scope of AEELA's arguments, in light of the facts of this case, appear to be out of focus.

At the outset, the court states that there is no issue as to the validity of AEELA's statutory lien. AEELA has a statutory lien. In addition, the terms of the proposed chapter 13 plan dated October 1, 2018 (dkt. #36) do not affect the existing provisions regarding AEELA's lien. Paragraph 3.1 states that the Debtors will continue making the monthly payments in the amount $88.88 per month, the debt is secured, the collateral are savings and dividends and there are no

-1-

arrears. Paragraph 8.1.1 provides that secured creditors retain their liens pursuant to §1325(a)(5)(B)(i)(l). Debtors have repeatedly confirmed at various hearings that they do not intend to affect AEELA's lien in any way. During the confirmation hearing held on June 17, 2020 the Debtors informed that their attempts to make direct payments to AEELA have failed because AEELA is not accepting the same. The Debtors stated that they were willing to make the post-petition direct payments through payroll deductions as done prior to the filing of the petition or consign the same with the court. See dkt. #116. The above reaffirms this court's ruling in the October 19, 2019 opinion and order (dkt. #70):

> On the present case, the court examined the Debtors' plan and its treatment to AEELA. The court determined that the proposed treatment did not affect any of AEELA's rights and the treatment was compliant to section 1325(a)(5). Accordingly, the court denied AEELA's objection to confirmation. The court's ruling did not contravene its previous ruling in In Re Rafael Ortiz Vega, supra, as argued by AEELA. The court ruled therein that AEELA's lien could not extend to future wages. However, the Debtors' intent to provide to AEELA's secured claim through periodic payments is a choice within the alternatives provided by the Bankruptcy Code.

> The court now addresses several statements made by AEELA.

In the motion to dismiss AEELA incorrectly alleges that the chapter 13 plan does not recognize AEELA's statutory lien. The chapter 13 plan does not question AEELA's lien. Contrariwise, it provides for payment of the same as done prepetition. The court notes that AEELA filed a secured proof of claim (POC-1) in the amount of $6,349.22 and the supporting documentation does not show any arrears on the monthly payments of $88.88. Consequently, the averment that Debtors "treat AEELA as they wish and not as the law establishes" is incorrect. Also incorrect is the allegation that Debtors are shielding AEELA's savings and dividends with how they treat its claim. The Debtors have not treated AEELA's claim in any different manner as they did prepetition.

What appears to be AEELA's assumption is that applicable state law mandates that when the bankruptcy petition is filed, the debtor must surrender to AEELA their collateral, that is, the savings and dividends. AEELA claims that it cannot make post-petition deductions. As stated in the October 19, 2019 opinion and order (dkt. #70), it appears that AEELA's basis for claiming to be unable to make post-petition deductions is this court's decision in In re Rafael Ortiz Vega, 75 B.R. 858 (Bankr. P.R. 1987), citing from the First Circuit decision in In re Miranda Soto, 667 F.2d

-2-

235, 237 (1st Cir. 1981), that an assignment of wages does not give rise to a lien within the meaning of the Bankruptcy Code. According to AEELA the filing of a petition accelerates the principal amount of all claims against the debtor.

The court clarifies that even though post-petition future wages may not constitute a lien, such condition does not necessarily mean that salary deductions cannot be made under the appropriate circumstances to provide a mean to direct post-petition payments, as offered by the Debtors in this case. The Debtors are willing to continue making the payments timely to pay off the debt. If they are in arrears is due to AEELA's non acceptance of the payments. There may be a different scenario when a debtor is in arrears and does not intend to pay the loan in full. In such a case, AEELA's position may have merit. But that is not the case before the court.

AEELA alleges that because the Debtors have not surrendered their collateral, they have incurred in unreasonable delay and, thus, there is cause to dismiss the petition under section 1307. AEELA also alleges that its collateral is not property of the estate. The court only clarifies that inability to dispose of the savings and dividend collateral does not divest a debtor from having an interest on the same as provided in 11 U.S.C. §541. Further discussion or clarification is precluded by this court's October 19, 2019 opinion and order (dkt. #70).

The court will not address AEELA's contention that filing a bankruptcy petition accelerates the total debt, irrespective of the fact that a debtor is current or intends to pay the loan in full. The court questions the proposition by AEELA that the mere filing of a bankruptcy petition modifies the relationship between the parties to constitute a default or acceleration of an obligation and whether a provision in a contract to such effects is enforceable. The issue is precluded by this court's October 19, 2019 opinion and order (dkt. #70).

In view of the foregoing, AEELA's motion to dismiss and motion requesting order to proceed against its collateral are denied. Furthermore, the court orders the debtors to consign with the court within 30 days all post-petition payments owed to AEELA should AEELA refuse to accept them. Upon the filing of the consignment motion an order confirming the October 1, 2018 chapter 13 plan (dkt. #36) will be entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of July 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

-3-