IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ANGEL R. MOJICA NIEVES and
KAREN M. NAVARRO PASOR

     Debtors

CASE NO. 18-01866 (ESL)

CHAPTER 13

FILED & ENTERED AUG/04/2021

OPINION AND ORDER

The instant chapter 13 petition was filed on April 6, 2018. The Chapter 13 plan proposed by the debtor is dated October 1, 2018. The main factor preventing confirmation has been the litigation between the Asociación de Empleados del Estado Libre Asociado de Puerto Rico ("AEELA") and the debtors regarding the effect of the filing of a bankruptcy petition on AEELA's loan and the nature of AEELA's lien. AEELA is a private entity association which provides financial services to Puerto Rico government employees and pensioners. The proposed chapter 13 plan dated October 1, 2018 provides to maintain the current contractual payments on AEELA's secured claim in the amount of $88.00 per month. The secured proof of claim filed by AEELA on May 2, 2018 is in the amount of $6,349.22. The amount is for loans executed in November 2017. The loans were granted by AEELA to codebtor Karen Navarro, an employee of the Puerto Rico Department of Education. The proof of claim discloses that there are no arrears. The proof of claim filed by AEELA has not been objected. Thus, the same is allowed as filed. As of June 14, 2021, the debtors have consigned with the Clerk of Court the amount of $3,115.52 in favor of AEELA as AEELA has refused monthly payments. See dkt. #196.

The travel of the controversy regarding payment to AEELA has been ongoing since the hearing on confirmation held on October 3, 2018. At the hearing the court reviewed the chapter 13 plan provisions as to payment to AEELA, considered the Debtors' counsel's assertions that AEELA's statutory lien was not challenged, and concluded that AEELA's claim was not adversely affected in any way by the Chapter 13 plan (dkt. #41). AEELA moved for

-1-

reconsideration of this court's conclusion on October 16, 2018, alleging that as a "standard procedure in compliance with bankruptcy law, when a member of AEELA, in debt with AEELA, files bankruptcy, AEELA notifies the member's employer agency to stop deductions and payment to AEELA." AEELA argues that Debtors' chapter 13 plan is "truly a challenge to substantive rights of AEELA resulting in an avoidance to AEELA's statutory lien" . . . "Debtors are avoiding AEELA's right of setoff" . . . "Debtors are preventing AEELA of executing its statutory lien" and "Debtors' plan fails to preserve the appearing creditor's rights, pursuant to its statutory lien, not surrendering the savings and dividends deposited in AEELA, not allowing AEELA to execute its setoff right." See dkt. #45. Debtors responded on December 3, 2018 (dkt. #54). Debtors contend that the proposed chapter 13 plan "proposes to continue payments to AEELA on the same terms and conditions as existed pre-petition." AEELA replied stating that it is entitled to apply Debtors' "savings and dividends to her outstanding debt with AEELA."

On October 7, 2019 the court entered an opinion an order denying the motion for reconsideration filed by AEELA (dkt. #70). The court stated that AEELA's main allegation throughout the various objections to confirmation is that the plan should provide the surrender of the shares as payment of its claim based on a right to offset the debt with the accumulated shares and dividends. The court concluded that "once the debtor has filed bankruptcy, all the actions, including the right of setoff, are stayed pursuant to the provisions of § 362(a)(7) of the Bankruptcy Code, 11 U.S.C.S. § 362(a)(7). If a party seeking its right to setoff a claim against the debtor fails to exercise it before the commencement of the bankruptcy proceeding, then the party must claim its right following the procedure established by 11 U.S.C.S. § 553 and Fed. R. Bankr. P. 9014, which is to file a motion requesting a lifting of stay. See Stubbe v. Rua (In Re Colonial Mortg. Bankers Corp.), 1989 Bankr. LEXIS 2783 (Bankr. D.P.R. 1989)." The court also held that "the Debtors' intent to provide to AEELA's secured claim through periodic payments is a choice within the alternatives provided by the Bankruptcy Code."

On October 21, 2019 AEELA again moved for reconsideration (dkt. #73). The debtor filed an opposition (dkt. #75). The court denied AEELA's motion for reconsideration for the same reasons as were stated in its opinion and order of October 7, 2019 (dkt. #89).

At a confirmation hearing held on June 17, 2020 the Debtors informed that their attempts to make direct payments to AEELA have failed as AEELA is not accepting payment. The Debtors stated their willingness to make the payments through payroll deductions, as done prepetition or to consign the same with the court. AEELA restated that Debtors' proposition was contrary to law, as stated in its pending motion to dismiss. See kt. #116.

On July 15, 2020 the court entered an opinion and order denying AEELA's motion to dismiss and to proceed against Debtors' collateral. The court also ordered Debtors to consign with the court all post-petition payments owed to AEELA. See dkt. #126.

On July 26, 2020 AEELA filed a motion to alter or amend and or relief of order (dkt. #129). AEELA contends that there is no basis in law for the court to allow Debtors to retain their savings and dividends. Debtors filed their opposition on November 16, 2020 (dkt. #146). The issues were discussed at a hearing held on November 17, 2020 (dkt. #153). The court ordered AEELA to file a legal memorandum answering the following questions:

1. What is the difference between the legal relation between the Debtors and AEELA prepetition and post-petition as to AEELA's loan?

2. What is the legal support to claim that the filing of a bankruptcy petition triggers a loan default and/or a right to collect in full of the collateral, that is, the funds on deposit?

3. How does the proposed chapter 13 plan alters the statutory lien held by AEELA?

4. What is the statutory or legal support to claim that AEELA may collect from collateral funds at any time, irrespective of whether the creditor (the debtor herein) is current or not?

5. Why the position assumed by AEELA as to the effect of filing a bankruptcy petition does not run against the antidiscrimination provisions in Section 525 of the Bankruptcy Code?

The court also ordered AEELA to provide and detail with particularity the basis to claim that Debtors are not providing all their projected disposable income to fund the plan.

AEELA filed its motion in compliance on January 19, 2021 (dkt. #169). The Debtors filed their response on March 3, 2021 (dkt. #178). The Chapter 13 trustee filed his motion in compliance on March 5, 2021 (dkt. #179). On March 5, 2021 the Debtors filed a motion requesting that AEELA supplement its motion to include a response to this court's order as to "[w]hy the position assumed by AEELA as to the effect of filing a bankruptcy petition does not run against the antidiscrimination provisions in Section 525 of the Bankruptcy Code?" See dkt. # 180. The request was granted and AEELA was granted 21 days to comply (dkt. #181). AEELA filed its motion in compliance on March 31, 2021 (dkt. #187). On April 16, 2021 the Chapter 13 trustee filed a motion to clarify that AEELA's lien is a statutory lien and not a judicial lien (dkt. #190).

AEELA

AEELA premises its position on the following introductory statement: "Throughout the years, AEELA has been able to maintain solvency and uniformity within its regulations and procedures balancing property interests within the mandate of its statutory lien. Said balance would be adversely affected if debtors in bankruptcy are granted authority to modify AEELA's rights and mandates under its statutory lien. Specifically, once a member voluntarily obtains a loan, such debtor does not have the power to decide whether it can retain, modify, use, or liquidate its savings and dividends. AEELA's statutory lien provides safeguards to protect the balance required to maintain AEELA's solvency. To afford a debtor a chance to modify such protections would be in detriment to AEELA's sustainability and would create a precedent contrary to AEELA's statutory lien. As such, this Honorable Court should deny confirmation, and provide relief from the automatic stay in favor of AEELA." In support of its position AEELA substantially restates the arguments presented before and which were the subject of the orders entered on October 7, 2019 (dkt. #70) and July 15, 2020 (dkt. #126).

DEBTORS

Debtors reaffirm their position that the Amended Plan proposes to continue to pay AEELA based upon the same terms and conditions as pre-existed the bankruptcy petition. The

Debtors have offered to accommodate AEELA for administrative purposes. The Debtors have voluntarily offered to continue voluntary deductions, have offered to make payments through the Trustee, and have offered to make payments directly to AEELA. However, AEELA has refused all forms of payments from the Debtor. The Debtors contest each and every allegation and answer given by AEELA. After a thorough consideration of Debtors' answer, the court finds that the same agree with applicable law, particularly as has been previously decided by the court in its two prior orders, and which the court reaffirms.

CHAPTER 13 TRUSTEE

The Chapter 13 trustee states that "[t]he proposed Chapter 13 plan in this case (Docket 36, the "Plan") provides, among other things, for all secured creditors to retain their liens and for Debtors to continue making $88.00 monthly payments to AEELA." The Chapter 13 trustee also accurately summarizes the controversies between AEELA and the Debtors as follows:

"4. AEELA has objected confirmation of the Plan on various occasions, stating that it is a secured debt and Debtor is obligated to surrender the collateral to AEELA. Debtors, in turn, have argued on various occasions that AEELA's treatment in the Plan complies with the treatment of secured creditors in 11 U.S.C. §1325(a)(5).

5. This Honorable Court has issued two Opinions and Orders in this case (Dockets 70 and 126) stating that Debtors are entitled to treat AEELA as provided in the Plan."

The Chapter 13 trustee agrees with Debtors' memorandum and adopts the arguments in the same. The analysis for supporting the Debtors' position is as follows:

"14. The Plan provides for the retention of lien until payment of the debt or discharge under Section 1328. In light of this, the first requirement is fulfilled. Furthermore, the plan does provide that the total amount of the debt will be paid, directly by Debtors in equal monthly payments of $88.00. Said amount should be considered sufficient to provide adequate protection, given that it is the same amount of the monthly payments provided in the contract between Ms. Navarro and AEELA. The second and third requirements, therefore, are also fulfilled.

15. In light of the above, Debtors have complied with 11 U.S.C. §1325(a)(5)(B) and, thus, Debtors' treatment of AEELA's claim in the Plan – as of this particular case - is correct.

16. Furthermore, AEELA has failed to establish how Debtors' treatment to its claim causes it prejudice. As has been stated on multiple occasions, Debtors intend to continue their payments to AEELA as if the bankruptcy never occurred, until payment in full of the debt. Furthermore, Debtors have agreed that AEELA should continue with the payroll deductions in order to obtain its payments. It is uncontested that there were no arrears on AEELA's claim when the bankruptcy was filed, and any amounts not paid post-petition – because AEELA ended the payroll deductions and did not accept direct payments – have been consigned with the Court and AEELA only has to request withdrawal. Moreover, nothing prevents AEELA from seizing Debtors' savings and dividends in full satisfaction of its debt in the event that Ms. Navarro ends her employment with the government of Puerto Rico, whether it be by resignation, termination, or retirement.

17. In this particular case, AEELA is not receiving a negative treatment that causes it prejudice. The Trustee hereby requests that this Honorable Court deny AEELA's Memorandum.

18. The Trustee emphasizes that he is adopting Debtors' position as to this particular case. Circumstances such as this one must be analyzed on a case-by-case basis and the Trustee's position may be different in another case."

DISCUSSION

The discussion is brief as the court's conclusion is the same as the one stated at the confirmation hearing held on October 3, 2018, that is, AEELA's claim is not adversely affected in any way by the Chapter 13 plan. The legal basis for the conclusion is found in the opinion and orders of October 7, 2019 (dkt. #70) and July 15, 2020 (dkt. #126). The court fully agrees with the position expressed by the Chapter 13 trustee and the legal basis in the Debtors' memorandum. The facts of this case do not support the concerns expressed by AEELA.

CONCLUSION

The court denies AEELA's objection to confirmation of Debtors' Chapter 13 plan.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of August 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

-6-